IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY THAW § | | |
| (BOP Register No. 45050-177), § | | |
| § | | |
| Movant, § | | |
| § | | |
| V. § | No. 3:15-cv-2920-G-BN | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On September 6, 2016, the Court denied Movant Stanley Thaw's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence as time-barred. *See Thaw v. United States*, No. 3:15-cv-2920-G-BN, 2016 WL 4623053 (N.D. Tex. Aug. 16, 2016), *rec. accepted*, 2016 WL 4611106 (N.D. Tex. Sept. 6, 2016). Thaw now moves for relief from that judgment under Federal Rule of Civil Procedure 60(b)(4). *See* Dkt. No. 21. Senior United States District Judge A. Joe Fish has referred Thaw's Rule 60(b)(4) motion to the undersigned United States magistrate judge for hearing, if necessary, and for recommendation. *See* Dkt. No. 22. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. And "a judgment may be set aside under Rule 60(b)(4) when 'the district court

-1-

acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)).

"Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)); *compare United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." (citations omitted)), *with Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("Other errors in an underlying order will not afford grounds for relief under the narrow ambit of Rule 60(b)(4) as they would if the order itself had been directly appealed." (citing *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998))).

While a motion under Rule 60(b)(4) "is not an appropriate vehicle for [an] attempt to vacate [a] criminal conviction" – "because the Federal Rules of Civil Procedure govern 'suits of a civil nature.' FED. R. CIV. P. 1." – such "a motion may be used 'to set aside a habeas denial' in limited circumstances." *United States v. Pope*, 124 F. App'x 680, 682 (2d Cir. 2005) (per curiam) (quoting *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004)).

Thaw believes that Rule 60(b)(4) requires that the Court set aside its denial of his Section 2255 motion because he contends that the Court failed to afford him notice before dismissing the Section 2255 motion as time-barred and because the Court erred in finding that the Section 2255 motion was not timely under 28 U.S.C. § 2255(f)(2).

The record simply does not support Thaw's first claim. On June 3, 2016, the Court ordered Thaw to show cause in writing why his Section 2255 motion should not be summarily dismissed as barred by the applicable statute of limitations. *See* Dkt. No. 11. The Court received and docketed Thaw's response on July 18, 2016. *See* Dkt. No. 13. And the undersigned reviewed and expressly referenced that response in making findings and a recommendation as to the disposition of the Section 2255 motion. *See* Dkt. No. 16.

Thaw's second claim also fails. Mere disagreement with the Court's conclusion that the Section 2255 motion is not timely under Section 2255(f)(2) may be a reason to appeal, but that disagreement does not amount to the Court's acting "in a manner so inconsistent with due process as to render the judgment void." *Callon*, 351 F.3d at 210. Because "a motion under Rule 60(b)(4) is not a substitute for a timely appeal," *Espinosa*, 559 U.S. at 270 (citations omitted), even if the Court's determination as to the applicability of Section 2255(f)(2) were in error, "'[r]elief under Rule 60(b)(4) is not available merely because a disposition is erroneous,'" *Walsh v. Hagee*, 10 F. Supp. 3d 15, 20 (D.D.C. 2013) (quoting *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987)); *see also In re Novoa*, ___ F. App'x ___, No. 16-50955, 2017 WL 2438264,

at *3 (5th Cir. June 5, 2017) (per curiam) ("A judgment is not void simply because it is or may have been erroneous. That, of course, is always the argument of a party seeking to overturn a judgment, so reading Rule 60(b)(4) that broadly would undermine the interest in finality." (citing *Espinosa*, 559 U.S. at 270)).

**Recommendation**

The Court should deny the Rule 60(b)(4) motion [Dkt. No. 21].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE